ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 1 8 2014  2:52
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| KALVIN KELLY,<br><br>PLAINTIFF<br><br>v.<br><br>THE CITY OF FORT WORTH, TEXAS and<br><br>DOES 1 THROUGH 5.<br><br>DEFENDANTS | CIVIL ACTION NO.<br><br>4-14 CV 1021-A |

## PLAINTIFF'S COMPLAINT

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

### I. INTRODUCTION

NOW COMES Kalvin Kelly (hereinafter referred to as "Kelly" and/or "Plaintiff") and files this, Complaint, against The City of Fort Worth (hereinafter referred to as the "City"). Plaintiff also sues certain unknown individuals referred to as Does 1 through 5, in their individual capacities. He seeks redress for the denial of opportunities to earn overtime pay and attend City funded training opportunities because of his race "Black,"

racial harassment and retaliation for filing discrimination complaints against the City of Fort Worth. He seek redress pursuant to Title VII of the Civil Rights Act of 1964 and pursuant to 42 U.S.C § 1 9 8 3 for the violation of his guaranties of due process and equal protection set forth in the 14th Amendment to the United States Constitution.

## II. JURISTICTION

Federal Question jurisdiction is invoked in accordance with 28 U.S.C. §§ 1331 and 1343(3) because this controversy arises under the constitution, laws or treaties of the United States.

## III. VENUE

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (1), 28 U.S.C. § 1391 (b) (2) and 28 U.S.C. § 124 (a).

## IV. PARTIES

1. Plaintiff, a Black male, is a resident of the State of Texas, a citizen of the United States and, at all times relevant hereto, was an employee of the City of Fort Worth, Fire Department.

2. Defendant City of Fort Worth is a municipal corporation duly organized under and conducting business pursuant to the laws of the State of Texas and its Home Rule Charter, and can be served with process by serving the City Manager, Mayor, or City Secretary at the City Hall located at 1000 Throckmorton, Fort Worth, Texas 76102.

3. Does 1 through 2 are individual employees of the City of Fort Worth in policy-making positions

4. Does 3 through 5 are individual employees of the City of Fort Worth Fire Department in conditional policy making positions, subject to the delegation and/or approval of Does 1 and 2.

5. All individual Defendants may be served with process by serving him or her at their place of employment at City Hall located at 1000 Throckmorton, Fort Worth, Texas 76102.

6. When acting in their individual capacities and at all times relevant hereto each

    a. acted in concert with and as the agent of each of the other Defendants listed herein;

    b. was in agreement with the prevention of Plaintiff's appointment to the position of Senior Maintenance Worker; and,

    c. performed actions to effect that agreement.

## V.    FACTS

7. For purposes of this action, the City employees in decision-making positions are as follows:

    a. The city manager is responsible to the council for the proper administration of all the city affairs placed in his hands, and shall to that end appoint and employ all directors of departments and other employees not otherwise provided for in this Charter or by ordinance. Appointments made by him shall be on the basis of executive and

administrative experience and ability and of training, fitness and efficiency of such appointees in the work which they are to administer (Article V, Fort Worth City Charter)

b.  The Human Resources Director and is charged with the administration of merit hiring, promotion and job appointment principles and the provisions of the State Civil Service Law for Firefighter and Police pursuant to the provisions in the Article V, Fort Worth Municipal Code, Human Resources.

c.  Rudy Jackson, the Fire Chief, is charged following the provisions of the State Civil Service Law for Firefighter and Police pursuant to the provisions in Article V, Fort Worth Municipal Code, Human Resources.

8.  The City of Fort Worth is compelled by its City Charter, City Code and City Personnel Rules to provide equal opportunity to all qualified employees in all employment matters.

9.  The Plaintiff is a Black Male who began employment with the City as a Fire Fighter on December 26, 1978. He is a fire engineer and possesses 34 years of firefighting experience, numerous certifications and over 2000 hours of CEU training.

10. Plaintiff has received job related commendations, superior job performance ratings and has never received a negative report on his yearly performance evaluation.

11. Firemen work 24 hours and have 48 hours off which requires three different firefighters to be assigned to a job.

12. The Plaintiff is a fire engineer and he receives the same salary as other fire engineers; however there are some jobs that fire engineers perform that result in higher

annual pay because of the amount of overtime the assigned job requires and neither the Plaintiff nor any other Black Engineer has been hired as a Shift Technician except one fire fighter who filed a discrimination complaint in 2011.

13. Two of the jobs requiring higher overtime are Shift Technician and Air Shop Technician and because of the training required and/or the consistency of performance required these and other similar jobs used a "closed loop" overtime process.

14. A closed loop overtime process assigns overtime to the Engineers that work in the position when possible. If neither of the two nonworking Engineers is available to work overtime, a non-trained firefighter is assigned to the job.

15. In 2010 the Shift Technicians and Air Shop Technicians were among the highest earning employees working at the City and the only Black employee working as a Shift technician was the one who was hired several years earlier when the job description was more of a administrative assistant and driver for the Fire Chief.

16 The job description changed when the tasks were expanded and computerized and, as a result, the job became more desirable because the computerized process required knowledge of program that recorded the data and, as a result, the three employees trained on the job to perform the task shared the overtime opportunities.

17. Plaintiff is informed and believes and based thereon alleges that it was common knowledge that after the job description changed, when it became known that a vacancy for the shift technician would be available, a white fire engineer was assigned to work

with the current shift technicians and learn the process. As a result, no subsequent shift technician, except the first one hired under the old job description was Black until 2011.

18. In January 2011, a Black Fire Engineer advised one of the Assistant City Managers of the failure to hire Blacks in the Shift Tech position and filed an EEOC Complaint. A neutral examination process was conducted six months later and the Black Fire Engineer was hired.

19. Since that time, the Fire Department has created a pseudo position called "half techs" and "quarter techs" and filled the pseudo positions with white fire engineers and assigned them to work in the shift technician position when none of the shift technicians are available to work overtime.

20. Since 2011 Plaintiff has requested to work overtime in the shift technician job, but his request has consistently been denied. In 2014, when Plaintiff learned of the half tech and quarter tech group he asked to participate and was denied.

21. In 2012 when a Shift Technician was on medical leave for several months, Plaintiff requested temporary placement in the position. The City refused his request and assigned various white fire engineers to work in the position.

22. The Air Shop is another high overtime generating position and upon learning that a vacancy would be available in the near future, the City assigned white fire engineers to work in the air shop.

22a In January 2013, the City and/or Doe 3 Doe permitted a white firefighter the opportunity to train for the Air Shop requirements, but denied the opportunity to me.

23. Subsequently, in July 2013, upon learning that an Air Shop employee was retiring, the City and/or Does 3, 4 and/or 5 transferred Richard Beardsley (White) to the Air Shop, ordered the Air Shop to immediately find a training program anywhere and sent Beardsley to the program at the expense of the City.

24. When Beardsley returned from one week of out of the state training, the City and/or Does 3, 4 and/or 5 assigned him to the Air Shop without undergoing a competitive process.

25. When learning about upcoming retirement of the Air Shop employee Firemen began to ask when a hiring list was going to be created. The City and/or Does 3, 4 and/or 5 did not advised that the position has been filled but created another section entitled "apprentices" and offered the fire fighters an opportunity to compete for that position.

25a. Defendants racially motivated overtime assignments and job assignments are continuing and White Firefighters are being assigned overtime and being allowed to leave the work place for training while Plaintiff continues to be denied these opportunities.

26. On March 22, 2013, Plaintiff filed an amended charge of intentional discrimination, charge no 450-2013-01102. On September 18, 2014 and he received a notice of a right to sue on September 22, 2014.

VI. CAUSES OF ACTION

**First Cause of Action – 14th Amendment - Procedural and Substantive Due Process, 42 U.S.C 1983**

27. Plaintiff incorporates by reference paragraphs 1 through 26.

7

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DEC 18 2014   2:25
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | |
|---|---|
| KALVIN KELLY, | |
| PLAINTIFF | |
| v. | CIVIL ACTION NO. |
| THE CITY OF FORT WORTH, TEXAS and | 4-14 CV 1021-A |
| DOES 1 THROUGH 5, | |
| DEFENDANTS | |

## PLAINTIFF'S COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

### I.  INTRODUCTION

NOW COMES Kalvin Kelly (hereinafter referred to as "Kelly" and/or "Plaintiff") and files this, Complaint, against The City of Fort Worth (hereinafter referred to as the "City"). Plaintiff also sues certain unknown individuals referred to as Does 1 through 5, in their individual capacities. He seeks redress for the denial of opportunities to earn overtime pay and attend City funded training opportunities because of his race "Black,"

racial harassment and retaliation for filing discrimination complaints against the City of Fort Worth. He seek redress pursuant to Title VII of the Civil Rights Act of 1964 and pursuant to 42 U.S.C § 1 9 8 3 for the violation of his guaranties of due process and equal protection set forth in the 14th Amendment to the United States Constitution.

## II. JURISDICTION

Federal Question jurisdiction is invoked in accordance with 28 U.S.C. §§ 1331 and 1343(3) because this controversy arises under the constitution, laws or treaties of the United States.

## III. VENUE

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (1), 28 U.S.C. § 1391 (b) (2) and 28 U.S.C. § 124 (a).

## IV. PARTIES

1. Plaintiff, a Black male, is a resident of the State of Texas, a citizen of the United States and, at all times relevant hereto, was an employee of the City of Fort Worth, Fire Department.

2. Defendant City of Fort Worth is a municipal corporation duly organized under and conducting business pursuant to the laws of the State of Texas and its Home Rule Charter, and can be served with process by serving the City Manager, Mayor, or City Secretary at the City Hall located at 1000 Throckmorton, Fort Worth, Texas 76102.

3. Does 1 through 2 are individual employees of the City of Fort Worth in policy-making positions

7

4. Does 3 through 5 are individual employees of the City of Fort Worth Fire Department in conditional policy making positions, subject to the delegation and/or approval of Does 1 and 2.

5. All individual Defendants may be served with process by serving him or her at their place of employment at City Hall located at 1000 Throckmorton, Fort Worth, Texas 76102.

6. When acting in their individual capacities and at all times relevant hereto each

   a. acted in concert with and as the agent of each of the other Defendants listed herein;

   b. was in agreement with the prevention of Plaintiff's appointment to the position of Senior Maintenance Worker; and,

   c. performed actions to effect that agreement.

V. FACTS

7. For purposes of this action, the City employees in decision-making positions are as follows:

   a. The city manager is responsible to the council for the proper administration of all the city affairs placed in his hands, and shall to that end appoint and employ all directors of departments and other employees not otherwise provided for in this Charter or by ordinance. Appointments made by him shall be on the basis of executive and

2

administrative experience and ability and of training, fitness and efficiency of such appointees in the work which they are to administer (Article V, Fort Worth City Charter)

b.  The Human Resources Director and is charged with the administration of merit hiring, promotion and job appointment principles and the provisions of the State Civil Service Law for Firefighter and Police pursuant to the provisions in the Article V, Fort Worth Municipal Code, Human Resources.

c.  Rudy Jackson, the Fire Chief, is charged following the provisions of the State Civil Service Law for Firefighter and Police pursuant to the provisions in Article V, Fort Worth Municipal Code, Human Resources.

8.  The City of Fort Worth is compelled by its City Charter, City Code and City Personnel Rules to provide equal opportunity to all qualified employees in all employment matters.

9.  The Plaintiff is a Black Male who began employment with the City as a Fire Fighter on December 26, 1978.  He is a fire engineer and possesses 34 years of firefighting experience, numerous certifications and over 2000 hours of CEU training.

10.  Plaintiff has received job related commendations, superior job performance ratings and has never received a negative report on his yearly performance evaluation.

11.  Firemen work 24 hours and have 48 hours off which requires three different firefighters to be assigned to a job.

12.  The Plaintiff is a fire engineer and he receives the same salary as other fire engineers; however there are some jobs that fire engineers perform that result in higher

annual pay because of the amount of overtime the assigned job requires and neither the Plaintiff nor any other Black Engineer has been hired as a Shift Technician except one fire fighter who filed a discrimination complaint in 2011.

13. Two of the jobs requiring higher overtime are Shift Technician and Air Shop Technician and because of the training required and/or the consistency of performance required these and other similar jobs used a "closed loop" overtime process.

14. A closed loop overtime process assigns overtime to the Engineers that work in the position when possible. If neither of the two nonworking Engineers is available to work overtime, a non-trained firefighter is assigned to the job.

15. In 2010 the Shift Technicians and Air Shop Technicians were among the highest earning employees working at the City and the only Black employee working as a Shift technician was the one who was hired several years earlier when the job description was more of a administrative assistant and driver for the Fire Chief.

16. The job description changed when the tasks were expanded and computerized and, as a result, the job became more desirable because the computerized process required knowledge of program that recorded the data and, as a result, the three employees trained on the job to perform the task shared the overtime opportunities.

17. Plaintiff is informed and believes and based thereon alleges that it was common knowledge that after the job description changed, when it became known that a vacancy for the shift technician would be available, a white fire engineer was assigned to work

5

with the current shift technicians and learn the process. As a result, no subsequent shift technician, except the first one hired under the old job description was Black until 2011.

18.     In January 2011, a Black Fire Engineer advised one of the Assistant City Managers of the failure to hire Blacks in the Shift Tech position and filed an EEOC Complaint. A neutral examination process was conducted six months later and the Black Fire Engineer was hired.

19.     Since that time, the Fire Department has created a pseudo position called "half techs" and "quarter techs" and filled the pseudo positions with white fire engineers and assigned them to work in the shift technician position when none of the shift technicians are available to work overtime.

20.     Since 2011 Plaintiff has requested to work overtime in the shift technician job, but his request has consistently been denied. In 2014, when Plaintiff learned of the half tech and quarter tech group he asked to participate and was denied.

21.     In 2012 when a Shift Technician was on medical leave for several months, Plaintiff requested temporary placement in the position. The City refused his request and assigned various white fire engineers to work in the position.

22.     The Air Shop is another high overtime generating position and upon learning that a vacancy would be available in the near future, the City assigned white fire engineers to work in the air shop.

22a.    In January 2013, the City and/or Doe 3 Doe permitted a white firefighter the opportunity to train for the Air Shop requirements, but denied the opportunity to me.

9

23. Subsequently, in July 2013, upon learning that an Air Shop employee was retiring, the City and/or Does 3, 4 and/or 5 transferred Richard Beardsley (White) to the Air Shop, ordered the Air Shop to immediately find a training program anywhere and sent Beardsley to the program at the expense of the City.

24. When Beardsley returned from one week of out of the state training, the City and/or Does 3, 4 and/or 5 assigned him to the Air Shop without undergoing a competitive process.

25. When learning about upcoming retirement of the Air Shop employee Firemen began to ask when a hiring list was going to be created. The City and/or Does 3, 4 and/or 5 did not advised that the position has been filled but created another section entitled "apprentices" and offered the fire fighters an opportunity to compete for that position.

25a. Defendants racially motivated overtime assignments and job assignments are continuing and White Firefighters are being assigned overtime and being allowed to leave the work place for training while Plaintiff continues to be denied these opportunities.

26. On March 22, 2013, Plaintiff filed an amended charge of intentional discrimination, charge no 450-2013-01102. On September 18, 2014 and he received a notice of a right to sue on September 22, 2014.

VI.   CAUSES OF ACTION

**First Cause of Action – 14th Amendment - Procedural and Substantive Due Process, 42 U.S.C 1983**

27.   Plaintiff incorporates by reference paragraphs 1 through 26.

7

28. Defendants failed to follow the merit system of hiring, promotion and job assignment policies required by the Fort Worth City Charter, the Fort Worth City Code and the City Personnel Employment Rules and Regulations.

29. Defendants' actions deprived the Plaintiff of his property interest in the City Charter mandate that requires the City use the Merit System implemented by the Human Resources City Code, to fill employment positions by fair and competitive process and policies for hiring, promoting and employees to positions in violation of the "due process" clause of the 14th Amendment to the United States Constitution.

**Second Cause of Action – 14th Amendment – Equal Rights and 2 U.S.C 1983 and Title VII of the Civil Rights Act 1964.**

30. Plaintiff incorporates by reference paragraphs 1 through 29.

31. Defendant's actions deprived the Plaintiff of two opportunities to be assigned to the Air Shop because of his race/color Black, and placed a non-Black in both positions.

32. Defendant's actions violated the Equal Protection clause of the 14th Amendment to the United States and Title VII.

**VII. DAMAGES**

33. At the time of filing this Complaint, Plaintiff has suffered and continues to suffer, loss of past and future income and benefits, injury, emotional injury, injury to his professional and personal reputation and other non-pecuniary losses in an amount within the jurisdictional limits of this Court.

8

to cause Plaintiff emotional distress and did in fact cause the Plaintiff emotional distress.

35. The actions of the individual defendants were mean spirited, willful and performed for the purpose of causing Plaintiff emotional and physical pain. The individual defendants should be required to pay punitive damages to the Plaintiff.

36. As a result of Defendant's unlawful actions set forth herein, Plaintiff was forced to retain the services of attorneys to represent his interest and incur costs and is entitled to recovery of and from Defendants, a reasonable attorney's fee to compensate such attorneys for their services performed in connection with this lawsuit and costs.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendants and award Plaintiff the following against Defendants, in their official and, where appropriate, individual capacity jointly and severally:

1. Compensatory damages;
2. Loss of wages;
3. Punitive Damages;
4. Attorney fees and costs;
5. Such other and further relief, legal and equitable, special and general as may be warranted.

Respectfully submitted,

Kalvin Kelly, pro se

6

**DECLARATION**

I, Kalvin Kelly on this 18th day of December, declare under penalty of perjury that the statements in the contained in the above Amended Complaint are true to the best of my knowledge and belief.

Kalvin Kelly
_______________________________

KALVIN KELLY

Kalvin Kelly
1721 Wurzburg Drive
Fort Worth Tx 76134
Cal# 214 587-2280

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

KALVIN KELLY

(b) County of Residence of First Listed Plaintiff ____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**

County of Residence of First Listed Defendant TARRANT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-14 CV 1021-A

RECEIVED DEC 18 2014 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | PERSONAL INJURY<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>PROPERTY RIGHTS<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | SOCIAL SECURITY | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☒ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | Habeas Corpus:<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>Other:<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>IMMIGRATION<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>FEDERAL TAX SUITS<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC 1983 Title VII CIV. RTS ACT (1964)

Brief description of cause: RACE DISCRIM, EQUAL RIGHTS DUE PROCESS

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ JURISDICTIONAL

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY** *(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE 12-18-2014 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # FW023381 AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____